ORIGINAL

SHERYLEE F. BAUER (SB-9446)
104 Northfield Avenue
Dobbs Ferry, NY 10522
Telephone: (914) 693-2484
Facsimile: (914) 693-2484

Attorney for Plaintiff
ERNEST SIDLER d/b/a SIDLER PRODUCE

Of Counsel:
PRISCILLA W. GRANNIS, ESQ. (PG-6568)
Fla. State Bar No. 0055948
RYNN & JANOWSKY, LLP
6017 Pine Ridge Road, No. 341
Naples, FL 34119
Tel: 239-591-8417
Fax: 239-591-8437

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N Y

★  AUG 18 2004  ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERNEST SIDLER d/b/a SIDLER PRODUCE, | ECF CASE |
| Plaintiff, | Case No.: 04-cv-2830 (ADS) |
| vs. | **Supplemental Rule 7.1 Statement** |
| PLATINUM FITNESS LIFESTYLE LTD. d/b/a ZONE GOURMET a/k/a ZONE PERFECT FRESH FOOD DELIVERY; KATHLEEN LOHMAN, an Individual; and JOHN PHILLIPS, an Individual, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General

Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to

evaluate possible disqualification or recusal, the undersigned counsel for

Intervening Plaintiff ERNEST SIDLER d/b/a SIDLER PRODUCE (a private non-governmental party) certifies that there are no corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

DATED:  August 16, 2004

By: _____
SHERYLEE F. BAUER (SB-9446)
104 Northfield Avenue
Dobbs Ferry, NY  10522
Telephone:  (914) 693-2484
Facsimile:  (914) 693-2484

Attorney for Plaintiff
**ERNEST SIDLER d/b/a SIDLER PRODUCE**

Of Counsel:
PRISCILLA W. GRANNIS, ESQ. (PG-6568)
Fla. State Bar No. 0055948
RYNN & JANOWSKY, LLP
6017 Pine Ridge Road, No. 341
Naples, FL  34119
Tel:  239-591-8417

ORIGINAL

SHERYLEE F. BAUER (SB-9446)
104 Northfield Avenue
Dobbs Ferry, NY  10522
Telephone:  (914) 693-2484
Facsimile:  (914) 693-2484

Attorney for Plaintiff
ERNEST SIDLER d/b/a SIDLER PRODUCE

Of Counsel:
PRISCILLA W. GRANNIS, ESQ. (PG-6568)
Fla. State Bar No. 0055948
RYNN & JANOWSKY, LLP
6017 Pine Ridge Road, No. 341
Naples, FL  34119
Tel:  239-591-8417
Fax: 239-591-8437

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  AUG 1 9 2004  ★

LONG ISLAND OFFICE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNEST SIDLER d/b/a SIDLER PRODUCE,<br><br>   Plaintiff,<br><br> vs.<br><br>PLATINUM FITNESS LIFESTYLE LTD. d/b/a ZONE GOURMET a/k/a ZONE PERFECT FRESH FOOD DELIVERY; KATHLEEN LOHMAN, an Individual; EDWARD J. FASANO, an Individual ; and JOHN PHILLIPS, an Individual,<br><br>   Defendants. | ECF CASE<br><br>Case No.:  04-cv-2830 (ADS)<br><br><br>**AMENDED COMPLAINT FOR BREACH OF CONTRACT AND VIOLATIONS OF PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") [7U.S.C. §499a, et seq.]** |

COMES NOW the Plaintiff, ERNEST SIDLER d/b/a SIDLER PRODUCE ("Sidler"), by and through its undersigned counsel, for its Amended Complaint, complains and alleges as follows:

# I.

## JURISDICTION AND VENUE

1. This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331.

2. In the alternative, this Court has jurisdiction of this case pursuant to 28 U.S.C. §1332 because Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interests.

3. Venue is proper pursuant to 28 U.S.C. §1391(b) because all defendants have transacted business in this District and the causes of action arise out of transactions that took place here.

# II.

## THE PARTIES

4. Plaintiff Sidler is now and at all times material herein was an individual doing business as Sidler Produce with its principal place of business located at 622 East 12th Street, Los Angeles, California 90015.

5. Plaintiff is informed, believes and thereon alleges that Defendant PLATINUM FITNESS LIFESTYLE LTD d/b/a ZONE GOURMET a/k/a ZONE PERFECT FRESH FOOD DELIVERY ("Zone Gourmet") is, and at all times relevant herein was, a New York corporation having a principal place of business located at 70 Marcus Blvd., Hauppauge, New York, 11788.

6.     Plaintiff is informed, believes and thereon alleges that Defendant KATHLEEN LOHMAN ("Lohman") is an individual, who during all times material herein was the President of ZONE GOURMET, and who controlled or was in a position to control the PACA trust assets of Defendant ZONE GOURMET, and who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this Court.

7.     Plaintiff is informed, believes and thereon alleges that Defendant JOHN PHILLIPS ("Phillips"), is an individual who during all times material herein was the Vice-President of ZONE GOURMET, and who controlled or was in a position to control PACA trust assets of Defendant ZONE GOURMET and who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this Court.

8.     Plaintiff is informed, believes and thereon alleges that Defendant EDWARD J. FASANO ("Fasano"), is an individual who during all times material herein was the founder and Chief Executive Officer ("CEO") of ZONE GOURMET, and who controlled or was in a position to control PACA trust assets of Defendant ZONE GOURMENT and who maintains a residence and/or principal place of business located within the jurisdictional boundaries of this Court. (Lohman, Phillips, and Fasano will, at times, be referred to as the "PRINCIPALS." The Principals and ZONE GOURMET will, at times, be collectively referred to as the "DEFENDANTS.")

9.     Plaintiff is informed, believes and thereon alleges that the Principals are and at all times material herein were insiders with actual and constructive knowledge of

the PACA and the provisions set forth therein, as well as the rules and regulations promulgated thereunder, and who are and during all times relevant herein were responsible for the daily management and control of Defendant ZONE GOURMET. The Principals are and during relevant times herein were statutory trustees under the PACA in a position to control the PACA trust assets that are the subject of this lawsuit.

## III.

### FIRST CAUSE OF ACTION
### (Breach of Contract Against All Defendants)

10.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 9 inclusive, of this Complaint as though fully set forth herein.

11.    At all times relevant herein, Defendants were engaged in the handling of produce in interstate and/or foreign commerce as dealers and/or commission merchants subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

12.    Between November 3, 2003 and April 24, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities to Defendants' locations in California, at said Defendants' specific request, for which said Defendants agreed to pay Plaintiff in principal combined amounts at least as great as the sum of $175,312.53.

13.    At or about the date of each transaction described above, Plaintiff forwarded to Defendants invoices for said transactions setting forth in detail the amounts owed by said Defendants for Defendants' purchase of the commodities. These written invoices constitute a written agreement between the parties.

04-180/Amended Complaint                Page 4 of 16

14.   Plaintiff has repeatedly demanded that Defendants pay the principal amounts due and owing under the invoices, totaling at least $175,312.53; however, said Defendants have failed and refused and continue to fail and refuse to pay Plaintiff for the produce purchased by said Defendants and no part of those sums due and owing has been paid.

15.   Plaintiff has performed all conditions, covenants and obligations required to be performed under the agreements for sales of produce as set forth herein.

16.   As a direct and proximate result of the failure of Defendants to remit payment due to Plaintiff as described in paragraph 12 above, Plaintiff has suffered losses in the amount of at least $175,565.59 as of the date of this Complaint, plus attorneys' fees, costs and interest on the past due amounts subject to proof.

## IV.

### SECOND CAUSE OF ACTION
(For Violation of Perishable Agricultural Commodities Act:
Failure to Account and Pay Promptly Against All Defendants)

17.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 16, inclusive, of this Complaint as though fully set forth herein.

18.   Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have

commingled and diverted PACA assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

19.     As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered the loss of at least $175,565.59 in net produce sales proceeds due and owing to Plaintiff and wrongfully $175,565.59 withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and interest in amounts to be determined.

## V.

### THIRD CAUSE OF ACTION
**(For Enforcement of Statutory Trust Provisions of PACA Against Defendants Lohman, Phillips and Fasano)**

20.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 19, inclusive of this Complaint as though fully set forth herein.

21.     Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].

22.     A portion of the perishable agricultural commodities that are the subject of this action were purchased and sold in, or in contemplation of, the course of interstate and/or foreign commerce.

23.     Plaintiff properly preserved its rights under the trust provisions of PACA by sending Defendants a Notice of Intent to Preserve Trust Benefits as set forth in 7

04-180/Amended Complaint                    Page 6 of 16

U.S.C. §499e(c)3, for perishable agricultural commodities Defendants purchased in the amount of $11,312,53.

24.    Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA, upon receipt of the produce sold by Plaintiff to Defendants, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom ("PACA Trust Assets").

25.    Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believes and thereon alleges that Plaintiff is a trust beneficiary in the total principal amount of at least $11,312.53 sold to Defendants, all of which remains past due and unpaid.

26.    Plaintiff is informed and believes for the reasons alleged above, that Defendants and each of them are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff.

27.    Plaintiff is informed and believes and thereon alleges that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7,

U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

28.    Plaintiff is informed and believes and upon that basis alleges that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff.  [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

29.    As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff has suffered the loss of at least $11,312.53 plus recoverable attorneys' fees and finance charges in amounts to be determined.

## VI.

### FOURTH CAUSE OF ACTION
**(For Constructive Trust and Accounting Due to Breach of Fiduciary Duty Against All Defendants)**

30.    Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 29, inclusive of this Complaint as though fully set forth herein.

31.    At all times material herein, a confidential relationship existed between Plaintiff and Defendants in that Plaintiff sold and shipped produce to Defendants and

entrusted that produce to Defendants upon the assurance that Defendants would properly pay for said produce. However, despite receiving and reselling the produce, Defendants have not paid for it.

32.    At all times material herein, Plaintiff believed implicitly in the integrity and truthfulness of Defendants, and reposed absolute trust and confidence to Defendants.

33.    At all times relevant herein, Defendants were engaged in the handling of produce in interstate and/or foreign commerce as dealers and/or commission merchants subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

34.    As set forth in paragraph 12 above, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities to Defendants, at said Defendants' specific request, for which said Defendants agreed to pay Plaintiff in principal combined amounts at least as great as the sum of $175,656.59.

35.    At or about the date of each transaction described in paragraph 12 above, Plaintiff forwarded to Defendants invoices for said transactions setting forth in detail the amounts owed by said Defendants for Defendants' purchase of the commodities. These written invoices constitute a written agreement between the parties.

36.    Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and

implied, and have breached their duty to account and pay for the produce sold, and have commingled and diverted PACA assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

37.    Plaintiff has performed all conditions, covenants and obligations required to be performed under the agreements for sales of produce as set forth herein.

38.    By not paying for the produce entrusted to them by Plaintiff, Defendants have violated the confidential relationship between the parties.  Furthermore, Defendants resold the produce and acquired PACA assets through violation of the confidential and fiduciary relationship between the parties in an amount of at least $175,565.59.

39.    By virtue of Defendants' violation of the relationship of trust and confidence then existing between Plaintiff and Defendants, Defendants hold the amount of at least $175,565.59, plus attorneys' fees and interest subject to proof as constructive trustees for Plaintiff's benefit, and Plaintiff has been damaged in the same amounts.

VII.

**FIFTH CAUSE OF ACTION**
**(For Unjust Enrichment Against All Defendants)**

40.    Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 39, inclusive, of this Complaint in Intervention as though fully set forth herein.

41.     Defendants have converted, or are now in the process of converting, to their own use and benefit, the goods delivered to Defendants by Plaintiff, and/or the proceeds therefrom, valued in the principal amount of at least $175,565.59.

42.     If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, it will be unjustly enriched to the detriment of Plaintiff.

43.     As a direct and proximate result of the wrongful conversion of funds due to Plaintiff, Plaintiff has been damaged and Defendants have been unjustly enriched in the principal amount of at least $175,565.59.

## VIII.

### SIXTH CAUSE OF ACTION
### (For Conversion Against All Defendants)

44.     Plaintiff hereby alleges and incorporates by reference paragraphs 1 through 43, inclusive, of this Complaint as though fully set forth herein.

45.     At all times relevant herein, Plaintiff was and currently is entitled to possession of the specific sums as alleged herein in the total principal amount of at least $175,565.59.

46.     Plaintiff has repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Plaintiff.

47.     Plaintiff is informed and believes and thereon alleges that Defendants have diverted payments of its accounts receivable, assets of the PACA and constructive trusts, and monies due and owing to Plaintiff to themselves and to other unknown third parties.

04-180/Amended Complaint                    Page 11 of 16

## IX.

## SEVENTH CAUSE OF ACTION
### (For Attorneys' Fees, Interest and/or Finance Charges Against All Defendants)

48.   Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

49.   Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated thereunder, Defendants were statutorily required to maintain a trust in such amount in favor of Plaintiff in order to make **full payment** to Plaintiff.

50.   As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

51.   As a further result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, the Plaintiff has lost the use of said money.

52.   Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorneys' fees, costs and loss of interest due to violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

53.   Plaintiff submitted invoices to Defendants that contained provisions on the face of each of the invoices submitted to Defendants for interest at the rate of 1.75% per month, 21% per annum on all unpaid invoices from the date payment was due, and for the recovery of costs and attorneys' fees in the event a collection action was necessary.

These provisions were bargained terms of the contract and are sums owing in connection with the transaction. Accordingly, Plaintiff is entitled to and requests judgment against Defendants, jointly and severally, for costs and attorneys' fees.

Plaintiff prays for judgment and relief against Defendants as follows:

## FIRST CAUSE OF ACTION
### (For Breach of Contract)

1.   For damages in the principal amount of $175,565.59 as against all Defendants;

2.   For interest thereon at 1.75% per month, or 21% per annum from the date the obligation became due and payable to Plaintiff;

3.   For reasonable attorneys' fees and costs of suit incurred herein; and,

4.   For such other and further relief as the Court may deem just and proper.

## SECOND CAUSE OF ACTION
### (For Violation of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)

1.   For damages in the principal amount of $175.565.59 as against all Defendants;

2.   For interest thereon at 1.75% per month, or 21% per annum from the date the obligation became due and payable to Plaintiff;

3.   For reasonable attorney's fees and costs of suit incurred herein; and,

4.   For such other and further relief as the Court may deem just and proper.

## THIRD CAUSE OF ACTION
### (Enforcement of Statutory Trust Provisions)

1.    For an order requiring Defendant Lohman, Phillips and Fasano to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of at least $11,312.53;

2.    For interest thereon at 1.75% per month, or 21% per annum from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## FOURTH CAUSE OF ACTION
### (For Constructive Trust and Accounting Due to Breach of Fiduciary Duty)

1.    For an order declaring that Defendants hold monies and/or perishable agricultural commodities in the amount of at least $175,565.59 in trust for Plaintiff;

2.    For an accounting of all sales returns and proceeds from Defendants' resale of the produce at issue;

3.    For interest thereon at 1.75% per month, or 21% per annum from the date the obligation became due and payable to Plaintiff;

4.    For reasonable attorney's fees and costs of suit incurred herein; and,

5.    For such other and further relief as the Court may deem just and proper.

## FIFTH CAUSE OF ACTION
### (For Unjust Enrichment)

1.    For damages in the principal amount of $175,565.59 as against all Defendants;

2.    For interest thereon at 1.75% per month, or 21% per annum from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorney's fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

## SIXTH CAUSE OF ACTION
### (For Conversion)

1.    For damages in the principal amount of $175,565.59 as against all Defendants;

2.    For interest thereon at 1.75% per month, or 21% per annum from the date the obligation became due and payable to Plaintiff;

3.    For reasonable attorneys' fees and costs of suit incurred herein; and,

4.    For such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

## SEVENTH CAUSE OF ACTION
### (For Attorney's Fees, Interest and/or Finance Charges)

1.    For pre-judgment interest and/or finance charges at 1.75% per month, or 21% per annum from the date on which payment first became due to Plaintiff as separately alleged above, until all principal sums are fully paid;

2.    For costs incurred herein in an amount according to proof; and

3.    For reasonable attorney's fees incurred therein in an amount according to proof.

DATED:  August 16, 2004

By: _____
SHERYLEE F. BAUER (SB-9446)
104 Northfield Avenue
Dobbs Ferry, NY  10522
Telephone:  (914) 693-2484
Facsimile:  (914) 693-2484

Attorney for Plaintiff
**ERNEST SIDLER d/b/a SIDLER PRODUCE**

Of Counsel:
PRISCILLA W. GRANNIS, ESQ. (PG-6568)
Fla. State Bar No. 0055948
RYNN & JANOWSKY, LLP
6017 Pine Ridge Road, No. 341
Naples, FL  34119
Tel:  239-591-8417
Fax: 239-591-8437

04-180/Amended Complaint                    Page 16 of 16

LAW OFFICES

**RYNN & JANOWSKY, LLP**

4100 NEWPORT PLACE DRIVE, SUITE 700

NEWPORT BEACH, CALIFORNIA 92660

TELEPHONE 949·752·2911

FAX 949·752·0953

INTERNET: www.rjlaw.com

E-MAIL: rj@rjlaw.com

PATRICIA J. RYNN
LEWIS P. JANOWSKY
R. JASON READ
MARION I. QUESENBERY
BARTHOLOMEW M. BOTTA
PRISCILLA W. GRANNIS*

LOIS E. RUBIN
MINDY JAMES NILI

*MEMBER OF THE FL BAR ONLY

BAY AREA OFFICE:
P. O. BOX 20799
OAKLAND, CA 94620
TELEPHONE: 510·705·8894
FAX: 510·705·8737

FLORIDA OFFICE:
6017 PINE RIDGE RD., NO. 341
NAPLES, FL 34119-3956
TELEPHONE: 239·591·8417
FAX: 239·591·8437

***Via Federal Express (Priority Overnight Delivery)***

August 17, 2004

Attn: Clerks Office
U.S.D.C. Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

RECEIVED
U.S ... NY
LONG ISLAND OFFICE

★ AUG 18 2004 ★

ENTERED
★_____★

Re: ***Ernest Sidler d/b/a Sidler Produce v. Platinum Fitness Lifestyle et al.***
**U.S. District Court (ED NY) Case No. 04-cv-2830**

To Whom It May Concern:

Enclosed, please find one (1) original and four (4) copies of the following documents in the above-referenced case.

1.  Amended Complaint For Breach of Contract and Violations of PACA;
2.  Amended Summons – John Phillips;
3.  Amended Summons – Kathleen M. Lohman;
4.  Amended Summons – Edward J. Fasano;
5.  Amended Summons – Platinum Fitness Lifestyle LTD. d/b/a Zone Gourmet a/k/a Zone Perfect Fresh Food Delivery; and,
6.  Supplemental Rule 7.1 Disclosure Statement.

Please file each of the documents, above, and return the conformed copies to my office using the enclosed self addressed fed-ex envelope. One courtesy copy of each document should also be sent to Judge Spatt's chambers once the documents have been conformed. Should you have any questions or problems regarding this request, please contact me immediately to discuss.

Letter to the Clerk of the Court
August 17, 2004
Page 2

Thank you for your assistance in this matter.

Yours very truly,

RYNN & JANOWSKY, LLP

TIM DORSEY
*Assistant to Priscilla W. Grannis and
Sherie Lee Bauer*

RJR:tjd
Encl.

04-180/ Clerk.1.doc